**In re Michael HICKS and Jerry Fazio, Relators.**

**No. 14–07–00590–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 25, 2008.

Jerry Fazio, Dallas, for relator.

Edward J. Hershewe, Joplin, Daniel W. Leedy, Bellville, Wesley Butler, R. Brent Cooper, Dallas, for real parties in interest.

KEM THOMPSON FROST, Justice, dissenting on denial of motion for en banc rehearing.

En banc review is warranted to secure and maintain uniformity in this court's decisions in an important and oft-visited area of the law—the rule governing waiver of privileges covering documents.[1]

Whether documents are privileged is a significant issue to litigants and one that arises frequently in both trial and appellate courts, often in the context of discovery disputes. Trial judges as well as litigators are required to make waiver-of-privilege determinations in many cases and in many contexts. Litigants engaging in discovery must decide whether to claim privilege and whether to assert that another party has waived privilege. These decisions all turn on the rules governing how and under what circumstances a privilege might be waived.

---

S.W.2d 751, 753 (Tex.App.–Houston [14th Dist.] 1990, writ denied).

**1.** *See* TEX.R.APP. P. 41.2(c).

Under the Texas Rules of Evidence, parties waive the privilege as to documents if the parties "voluntarily disclose[ ] or consent[ ] to disclosure of any significant part of the [documents] unless such disclosure itself is privileged."[2] In its opinion, the panel majority imposes a waiver requirement not heretofore recognized, holding, for the first time, that to effectively waive privilege, parties must expressly and specifically state that they are doing so.[3] Texas law does not require express consent to waive a privilege. Prior to the majority panel opinion in this case, this court found a waiver of privilege even in the absence of a specific expression of an intent to waive privilege.[4] The majority panel opinion is inconsistent with *In re General Agents Insurance Company of America, Inc.*, a case in which this court recently held that a party waived the attorney-client and work-product privileges by executing an assignment of its claims to another party, even though this assignment did not specifically state that any party was waiving a privilege.[5] As a result of these inconsistent holdings, there is now a conflict in this court's jurisprudence.

When an appellate court sends mixed signals, uncertainty, confusion, and other unintended and unwelcome consequences often follow. Litigants and their lawyers are likely to have difficulty resolving this issue and invariably will seek court intervention to settle the matter. Trial courts called upon to decide the issue will look to our jurisprudence for answers and likely will experience the same uncertainty. These consequences and the time and expense that go with them can be avoided by prompt en banc review. Because the issue at the center of the conflict is an important

and frequently recurring one, en banc consideration is both appropriate and necessary. For these reasons, I respectfully dissent from the court's denial of the real parties' motion for en banc rehearing.

(Justice YATES joins this dissenting opinion; Chief Justice HEDGES and Justices ANDERSON, GUZMAN, BROWN, and BOYCE vote to deny the Motion for En Banc Rehearing) (SEYMORE, J., recused).

---

2. Tex.R. Evid. 511.

3. *See maj. op.* at 252 S.W.3d 790, 795.

4. *In re Gen. Agents Ins. Co. of Am.*, 224 S.W.3d 806, 813–14 (Tex.App.-Houston [14th Dist.] 2007, orig. proceeding).

5. 224 S.W.3d at 813–14.